WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
RAYMOND T. CHEUNG – #176086 (CA)
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260
Telephone: (415) 625-5649
Facsimile: (415) 625-5657
raymond.cheung@eeoc.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**FREMONT AUTOMOBILE DEALERSHIP, LLC, d/b/a FREMONT TOYOTA,**<br><br>Defendant. | Civil Action No.<br><br>CV 11 4131<br><br>**COMPLAINT**<br><br>Civil Rights - Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Afghan) and retaliation, and to provide appropriate relief to Faisal Lamar, Mohammad Sarwary, Ahmad Shekeeb, Aziz Raufi and Ibrahim Faizi, (collectively "Charging Parties"), who were adversely affected by such practices. Defendant Fremont Automobile Dealership, LLC ("Fremont") subjected Mssrs. Faisal Lamar, Mohammad Sarwary, Ahmad Shekeeb and Aziz Raufi to unlawful national origin harassment and constructive discharge. Additionally, Defendant Fremont discharged Mr. Ibrahim Faizi when he opposed the harassment of the other Charging Parties and participated in the investigation into the reports of national origin discrimination.

///

///

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged herein were and are now being committed in the State of California, in the City of Fremont, Alameda County, California, within the jurisdiction of the United States District Court for the Northern District of California. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Francisco/Oakland Division of this Court as the alleged unlawful practices were and are now being committed in Alameda County, which is within the jurisdiction of the San Francisco/Oakland Division.

## PARTIES

4. Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, §2000e-5(f)(1) and (3).

5. Defendant Fremont Automobile Dealership, LLC ("Fremont") is a California corporation, doing business in the State of California, in Alameda County, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Fremont has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
### Violation of Title VII of the Civil Rights Act: National Origin Harassment and Discrimination

7. More than thirty days prior to the institution of this lawsuit, Charging Parties Faisal

1  Lamar, Mohammad Sarwary, Ahmad Shekeeb and Aziz Raufi filed charges with Plaintiff
2  Commission alleging violations of Title VII by Defendant. All conditions precedent to the
3  institution of this lawsuit have been fulfilled.

4      8. In or about October 2007, Defendant engaged in unlawful employment practices in
5  violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Charging Parties
6  Faisal Lamar, Mohammad Sarwary, Ahmad Shekeeb and Aziz Raufi to a hostile, abusive,
7  intimidating and offensive work environment on the basis of their Afghani national origin. The
8  unwelcome harassment against the Charging Parties was by Defendant's General Manager and
9  others and included, *inter alia*, calling them "terrorists" and threatening to blow them up with a
10 grenade, yelling and swearing at them, subjecting them to disparate treatment and scrutiny, resulting
11 in constructive discharge on or about October 23, 2007. The conduct was severe, hostile and
12 offensive to a reasonable person of Afghani national origin.

13     9. The effect of these actions complained of in Paragraph 8 above has been to deprive
14 Charging Parties of equal employment opportunities and otherwise adversely affect their status as
15 employees because of their national origin.

16     10. The unlawful employment practices complained of in Paragraph 8 above were
17 intentional.

18     11. The unlawful employment practices complained of in Paragraph 8 above were done
19 with malice or with reckless indifference to the federally protected rights of the Charging Parties.

### SECOND CLAIM FOR RELIEF
### Violation of Title VII of the Civil Rights Act: Based on Retaliation

22     12. Plaintiff Commission hereby incorporates by reference the allegations of Paragraph 1
23 through 6 above as set forth herein.

24     13. More than thirty days prior to the institution of this lawsuit, Charging Party Ibrahim
25 Faizi filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant. All
26 conditions precedent to the institution of this lawsuit have been fulfilled.

27     14. Defendant engaged in unlawful employment practice in violation of Section 704(a) of
28 Title VII, 42 U.S.C. §2000e-3(a) by taking adverse employment actions against Charging Party

EEOC v. Fremont Automobile Dealership, LLC  
COMPLAINT                                        3

Ibrahim Faizi. Mr. Faizi engaged in protected activity by, *inter alia*, opposing the harassment referenced in Paragraph 8 above when he reported the harassment to Defendant's General Manager and Finance Manager/Director. As a result of Mr. Faizi's protected activity, Mr. Faizi was retaliated against and discharged from Defendant's employment on or about December 6, 2007.

15. The effect of these activities complained of in Paragraph 14 above has been to deprive Mr. Ibrahim Faizi of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity.

16. The unlawful employment practices complained of in Paragraphs 14 above were intentional.

17. The unlawful employment practices complained of in Paragraphs 14 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Faizi.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against their employees including harassment based on national origin and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on national origin and retaliation, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Charging Parties and other similarly situated employees harmed, by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay and other appropriate relief to be determined at trial.

D. Order Defendant to make whole Charging Parties and other similarly situated employees harmed by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be

determined at trial.

E. Order Defendant to make whole Charging Parties and other similarly situated employees harmed by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Parties and other similarly situated employees harmed by providing punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court may deem just and proper in the public interest.

H. Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

The Commission demands a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DATED: August 23, 2011

BY: /s/ William R. Tamayo
WILLIAM R. TAMAYO
Regional Attorney

BY: /s/ Jonathan T. Peck
JONATHAN T. PECK
Supervisory Trial Attorney

BY: /s/ Raymond T. Cheung
RAYMOND T. CHEUNG
Senior Trial Attorney