**WILLIAM R. TAMAYO, SBN 084965**
**JONATHAN T. PECK, 12303 (VA)**
**RAYMOND T. CHEUNG, SBN 176086**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5649
Fax No. (415) 625-5657
E-mail: **raymond.cheung@eeoc.gov**

Attorneys for Plaintiff U.S. EEOC

**KURT T. HENDERSHOTT, SBN 131036**
**CHAPMAN & INTRIERI, LLP**
**2236 Mariner Square Drive, Suite 300**
**Alameda, CA 94501**
**550/864-3600**
**510/864-3601 Facsimile**
**khendershott@chapmanandintrieri.com**

**Elise M. Balgley**
**Bernard, Balgley & Bonaccorsi, LLP**
**3900 NewPark Mall Road, Third Floor**
**Newark, CA 94560**
**Telephone: (510) 791-1888**
**Facsimile: (510) 791-8008**
**ebalgley@3blawfirm.com**

**Attorneys for Defendant**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATED EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FREMONT AUTOMOBILE DEALERSHIP, LLC dba FREMONT TOYOTA, <br><br> Defendant. | CASE NO. CV 11-04131 CRB <br><br> CONSENT DECREE; [~~PROPOSED~~] ORDER |

## I. INTRODUCTION

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action on behalf of Charging Parties Faisal Lamar, Mohammad Sarwary,

Ahmad Shekeeb, and Aziz Raufi, alleging that their employer, Defendant Fremont Automobile Dealership, LLC ("Fremont" or "Defendant"), subjected them to harassment and a hostile work environment on the basis of national origin, and constructive discharge. The Commission alleged further that Charging Party Ibrahim Faizi was discharged in retaliation for protected activity (opposing harassment). This action was brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. Defendant Fremont has denied the above allegations. The Commission and Fremont now seek to resolve this action without the expenditure of additional resources and expenses in contested litigation. The parties hereby enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII. The Commission and Fremont agree that this Consent Decree constitutes a full and final resolution of all claims of harassment, discharge and retaliation that were or could have been raised in the EEOC action, all claims arising out the charges filed by the Charging Parties, the EEOC's investigation of said charges and the EEOC's determination of reasonable cause.

## II.   NON-ADMISSION OF LIABILITY

This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Fremont.

## III.   GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties, their successors and assigns.

5. Each party shall bear its own costs and attorneys fees in this action.

6. The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein and the applicable law, and now approves the Consent Decree in its entirety.

## IV.   GENERAL INJUNCTIVE RELIEF

7. Fremont and its current officers, agents, employees and all persons in active concert or

participation with them are enjoined from: (1) discriminating against persons on the basis of national origin in the terms and conditions of employment; (2) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee on the basis of national origin; or (3) creating, facilitating or permitting the existence of a hostile workplace on account of national origin.

8. Fremont and its current officers, agents, employees and all persons in active concert or participation with them are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Fremont because he or she has in the past, or during the term of this Consent Decree : (1) opposed any practice of harassment or other discriminatory acts on the basis of national origin made unlawful under Title VII; (2) filed a charge of discrimination alleging any such practice; (3) testified or participated in any manner in any investigation, proceeding or hearing in connection with this case; (4) was identified as a possible witness in this action; and/or (5) asserted any rights under this Consent Decree.

## V. SPECIFIC INJUNCTIVE RELIEF

EEO and Harassment Policies

9. Fremont affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives": Fremont is committed to maintaining a zero-tolerance policy concerning discrimination, harassment and retaliation, to swiftly responding to any acts of harassment or retaliation of which it becomes aware; to imposing appropriate discipline designed to deter future acts of harassment or retaliation; and to actively monitoring its workplace to ensure tolerance, respect and dignity for all employees.

10. Within 30 days of entry of this Consent Decree, Fremont shall modify its Equal Employment Opportunity ("EEO") and harassment policies to: (a) include definitions of harassment, with specific reference to harassment based on national origin; (b) provide for substantial and progressive discipline and/or corrective action for incidents of discriminatory harassment; (c) include strong non-retaliation language with examples to supplement the definition of retaliation; (d) provide for substantial and progressive discipline for incidents of retaliation; (e) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in

writing; (f) provide a timetable for commencing an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; and, (g) indicate that, promptly upon the conclusion of the investigation of a complaint, Fremont will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.  A copy of the modified policies shall be submitted to the EEOC, attention Raymond Cheung, Senior Trial Attorney, for its review at least 20 days before the anticipated date of implementation.  If the EEOC does not inform Elise Balgley of Bernard, Balgley & Bonaccorsi, LLP of any concerns regarding the modified policies within 14 days of receipt, the policies shall be deemed compliant with this Consent Decree.

11. Fremont shall effectively disseminate its modified policies and procedures by: (a) distributing copies of the policy to all current employees within 30 days of its final adoption; (b) giving a copy of the policy to, and reviewing the policy with, all new employees within 30 days of the employees' hire or within 30 days of the policy's adoption, whichever is later; and, (c) requiring each employee who receives a copy of the policies and procedures to sign a statement acknowledging their receipt of the policies.

12. In the event that Fremont decides to revise its EEO policies and procedures during the term of this Consent Decree, Fremont will submit a copy of the revised EEO and harassment policies to the EEOC, attention Raymond Cheung, Senior Trial Attorney, for its review at least 30 days before the anticipated implementation.  If the EEOC does not inform Elise Balgley of Bernard, Balgley & Bonaccorsi, LLP of any concerns regarding the modified policies within 14 days of receipt, the policies shall be deemed compliant with this Consent Decree.

Complaint Procedures

13. Fremont shall maintain a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, Fremont shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation.  Fremont's complaint procedure and harassment policy shall notify employees that they can lodge a complaint, verbally or in writing, with their immediate supervisor, the Human Resources Department, or the General Manager.

14. Fremont will submit a copy of the complaint procedures to the EEOC at the same time it

submits its certification of completion of training as required below.  See Section VI.

Posting of Notice

15. Fremont will post copies of the attached Notice in clearly visible locations frequented by employees.  The Notice shall remain posted for the duration of the Consent Decree and shall not be defaced or altered.

## VI. TRAINING

16. Within 60 days of entry of this Consent Decree, Fremont will present training on national origin discrimination, including harassment, and retaliation to its General Manager, General Sales Manager, Sales Managers, Finance Director and Service & Parts Department Director.  Training sessions will be introduced by Fremont's General Manager.  Beginning in 2013, and thereafter, training will be held annually by no later than May 30th of each calendar year throughout the duration of this Consent Decree.  Fremont shall bear the cost of this training.

17. The aforementioned training shall be a minimum of four (4) hours, and shall be provided by individuals with established credentials in the area of employment law.  The training must include examples of national origin harassment and retaliation practices that violate Title VII, as well as an employer's obligation to take preventive, investigative and remedial action with respect to national origin discrimination, harassment and/or retaliation complaints.  The training shall also inform the General Manager, General Sales Manager, Sales Managers, Finance Director and Service & Parts Department Director of their responsibilities under Fremont's anti-harassment and anti-retaliation policies and shall specifically instruct them regarding the accountability provisions in Section VII, below.

18. All persons attending mandatory training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with Fremont.  Copies of these acknowledgments shall be provided to the EEOC, as set-forth in Section IX, below.

## VII. POLICIES DESIGNED TO PROMOTE SUPERVISORY AND MANAGEMENT ACCOUNTABILITY

19. Fremont shall impose substantial discipline, up to and including termination, upon any supervisor or manager who engages in harassment or permits any such conduct to occur in his or her

work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. Fremont shall communicate this policy to all of its supervisors and managers in writing within 60 days of entry of this Consent Decree and provide copies to the Commission upon issuance. Supervisors and managers newly hired during the term of this Consent Decree shall be informed in writing of this requirement.

20. Fremont shall advise all supervisors and mangers of their duty to actively monitor their work areas to ensure employee compliance with Fremont's anti-harassment policies, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the Human Resources department.

## VIII. EXPUNGEMENT OF RECORDS AND DISCLOSURE OF INFORMATION REGARDING CHARGING PARTIES' EMPLOYMENT

21. Fremont shall not disclose any information or make any references to the charges of discrimination or this lawsuit in responding to employment reference requests for information about Charging Parties.

22. Fremont shall remove from each Charging Party's personnel file any termination notice and any other references to his charge of discrimination and/or this lawsuit.

23. Fremont shall not disclose in response to inquiries from potential employers any information regarding a Charging Party's employment with Fremont except as follows:

    A. In response to a specific inquiry, Fremont may disclose the Charging Party's dates of employment, position held and final rate of pay; and,

    B. For this provision to be effective, a Charging Party must inform the prospective employer to contact Fremont's General Manager for possible reference check. No other person from Fremont is to respond to a reference check regarding a Charging Party.

## IX. REPORTS TO THE COMMISSION

24. <u>Training Reports</u>: Within 30 days of completion of the training required by this Consent Decree, Fremont will send to the Commission verification of completion of the training in the form of a sworn declaration from Fremont's General Manager, copies of the acknowledgments of training signed

CONSENT DECREE
C-11-04131 CRB
6

by attendees, and a copy of all training materials used. See Section VI, above.

      25.    <u>National Origin Harassment/Retaliation Complaint Reports</u>:  Within 180 days (6 months) after entry of this Consent Decree, and every 6 months thereafter, Fremont will send to the Commission a report containing the following information and documentation covering the previous 6-month period:

      A.    Copies of all national origin harassment and /or retaliation complaints made or received by Fremont since the submission of the immediately preceding report;

      B.    The name, address and telephone number of each complainant;

      C.    A description of the investigation undertaken and by whom;

      D.    The result of each investigation;

      E.    A list of all records, documents and other writings relevant to each complaint and its investigation;

      F.    Fremont shall maintain a copy of each complaint; all records, documents and other writings relevant to each complaint and its investigation; and, the result of each investigation; and,

      G.    The Commission may request copies of any or all of these documents by writing to Fremont's counsel.  Documentation shall be provided within 20 days of the request.

## X.    MONETARY RELIEF

      26.    Fremont shall pay, through its insurance carrier, the gross sum of $400,000.00 to Charging Parties Faisal Lamar, Mohammad Sarwary, Ahmad Shekeeb, Aziz Raufi and Ibrahim Faizi in satisfaction of the Commission's and Charging Parties' claims against Fremont.  The precise distribution of this monetary relief among the five Charging Parties will be provided to Fremont by the Commission within five (5) days of the entry of this Consent Decree.  The individual payments will be paid by check directly to Messrs. Faisal Lamar, Mohammad Sarwary, Ahmad Shekeeb, Aziz Raufi and Ibrahim Faizi, respectively within fifteen (15) business days of receipt of all of their Title VII Releases by Fremont's attorneys.  The payments will be sent to them by certified mail, at the address to be provided to Fremont by the Commission.  A copy of the checks and its transmittal letters will be sent to

the Commission's counsel, Raymond Cheung, at the San Francisco District Office.

27. Fremont and/or its insurance carrier shall cause to be issued an IRS Form 1099-misc respectively to Charging Parties Faisal Lamar, Mohammad Sarwary, Ahmad Shekeeb, Aziz Raufi and Ibrahim Faizi for the monetary relief paid. No withholding taxes shall be deducted from the respective amounts and Box 3 on IRS Form 1099-misc shall be completed by Fremont.

**XI. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

28. This Consent Decree shall terminate three (3) years from the date of entry by the Court unless EEOC petitions this Court for an extension of the Decree because of non-compliance. If EEOC determines that Fremont has not complied with the Consent Decree, EEOC will provide written notification of the alleged breach to Fremont, and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notification shall be used to resolve the issue. If EEOC petitions the Court and the Court finds Fremont to be in substantial violation of the terms of the Decree, the Court may extend the Consent Decree.

29. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree, and this case otherwise may be closed administratively. This Consent Decree shall expire by its own terms at the end of the three (3) years at which time this lawsuit shall be deemed dismissed with prejudice without further action by the parties.

| On behalf of Plaintiff U.S. EEOC | On behalf of Defendant Fremont Automobile Dealership LLC |
|---|---|
| Dated: May 24, 2012 | Dated: May 24, 2012 |
| U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CHAPMAN & INTRIERI, LLP |
| */s/ William R. Tamayo*<br>William R. Tamayo, Regional Attorney | */s/ Kurt T. Hendershott*<br>Kurt T. Hendershott<br>Attorney for Defendant |
| */s/ Jonathan T. Peck*<br>Jonathan T. Peck, Supervisory Trial Attorney | BERNARD, BALGLEY & BONACCORSI, LLP |
| */s/ Raymond T. Cheung*<br>Raymond T. Cheung, Senior Trial Attorney | */s/ Elise M. Balgley*<br>Elise M. Balgley |
| Attorneys for Plaintiff U.S. EEOC | Attorney for Defendant |

CONSENT DECREE
C-11-04131 CRB
8

GENERAL ORDER 45 ATTESTATION

I, Raymond T. Cheung, am the ECF User whose ID and password are being used to file this Consent Decree and [Proposed] Order. In compliance with General Order 45, X.B., I hereby attest that Kurt T. Hendershott and Elise M. Balgley have concurred in this filing.

Date: May 24, 2012        By:    */s/ Raymond T. Cheung*
                                 RAYMOND T. CHEUNG

[Proposed] ORDER

IT IS SO ORDERED:

Dated: August 3, 2012              _____
                                   HON. CHARLES R. BREYER
                                   United States District Judge

*IT IS SO ORDERED — Judge Charles R. Breyer (United States District Court, Northern District of California seal)*

CONSENT DECREE
C-11-04131 CRB                9

# NOTICE TO ALL FREMONT TOYOTA EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Fremont Toyota*, Civil Action Number 11-04131 CRB, resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Fremont Toyota. The EEOC is the federal agency responsible for enforcing laws against discrimination in employment.

Federal law prohibits an employer from engaging in discrimination, which includes national origin, harassment and/or retaliation for raising a complaint of discrimination. Fremont Toyota supports and will comply with such federal law in all respects and will refrain from taking any adverse action against employees for exercising their rights under the law by complaining about harassment or retaliation, or by filing charges with the Equal Employment Opportunity Commission and/or by testifying, assisting or participating in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964, as amended.

Fremont Toyota respects the right of its employees and applicants for employment to work in an environment free from discrimination and affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives": Fremont Toyota is committed to maintaining a zero-tolerance policy concerning discrimination, harassment and retaliation, to swiftly responding to any acts of harassment or retaliation of which it becomes aware; to imposing appropriate discipline designed to deter future acts of harassment or retaliation; and to actively monitoring its workplace to ensure tolerance, respect and dignity for all employees.

Any employee who feels that he or she has been the subject of discrimination, harassment or retaliation should bring it immediately to the attention of his or her supervisor **or** to the Human Resources Manager.

The EEOC is the federal agency responsible for enforcing the federal laws prohibiting employment discrimination. More information about the EEOC is available at www.eeoc.gov or (800) 669-4000.

ATTACHMENT A